**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                          :
CUSHMAN & WAKEFIELD, INC., and            :
CUSHMAN & WAKEFIELD OF                    :
MICHIGAN INC.,                            :
                                          :
            Plaintiffs,                   :
                                          :
      v.                                  :
                                          :
VALLEY NATIONAL BANCORP,                  :
VALLEY NATIONAL BANK, and                 :          Civil Action No. 02-6099 (JAG)
MELLON TRUST OF NEW ENGLAND,              :
N.A. f/k/a BOSTON SAFE DEPOSIT            :          **OPINION**
AND TRUST COMPANY,                        :
                                          :
            Defendants.                   :
_____        :
                                          :
VALLEY NATIONAL BANCORP and               :
VALLEY NATIONAL BANK,                     :
                                          :
      Third-Party Plaintiffs,             :
                                          :
      v.                                  :
                                          :
WILLIAM F. MARCELLINO, an                 :
individual, INTERIOR SYSTEMS, INC.,       :
an Illinois corporation, and C&W ISI      :
JOINT VENTURE, a Michigan                 :
corporation,                              :
                                          :
      Third-Party Defendants.             :
_____        :

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion of Plaintiff Cushman & Wakefield of

Michigan, Inc. ("Cushman"), to enter final judgment (Docket Entry No. 46), pursuant to FED. R. CIV. P. 54(b).  For the reasons set forth below, the motion is GRANTED.

## I. BACKGROUND

On March 30, 2007, this Court granted summary judgment in favor of Defendants Valley National Bancorp ("Bancorp"), Valley National Bank ("Valley National"), and Mellon Trust of New England, N.A. ("Mellon") (collectively "Defendants"), and against Cushman,[1] on all counts of the complaint.  (See generally, Order Granting Summ. J., March 30, 2007.)

As a result of this Court's ruling, the only remaining claims are third-party actions brought by Bancorp and Valley National against William F. Marcellino ("Marcellino"), Interior Systems, Inc. ("ISI"), and C&W ISI Joint Venture (collectively "Third-Party Defendants"). Bancorp and Valley National seek indemnification and contribution from the Third-Party Defendants only in the event that Bancorp and Valley National are found liable to Plaintiffs. (Am. Answer, Affirmative Defenses, and Third-Party Compl. 10-12.)

## II. STANDARD OF REVIEW

"The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . except where a direct review may be had in the Supreme Court."  28 U.S.C. § 1291.  "A 'final decision' for purposes of appeal . . . [is one] 'which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Isidor Paiewonsky Assocs., Inc. v. Sharp Props., 998 F.2d 145, 149-50 (3d Cir. 1993) (citing Catlin v. United States, 324 U.S. 229, 233 (1945)).  A district court may, however, enter final

---

[1] Plaintiff Cushman & Wakefiled, Inc. was removed as a party to the present action.  (See Op. Granting Summ. J. 18, Apr. 11, 2007.)

judgment "as to one or more but fewer than all of the claims or parties . . . upon an express

determination that there is no just reason for delay. . . . " FED. R. CIV. P. 54(b).  More

specifically, a district court may enter final judgment, pursuant to Rule 54(b), when the court:

(1) determines that its judgment is final for both the claims and parties involved; (2) it certifies

that there is no just reason for delay; (3) directs the entry of final judgment; and (4) provides a

brief explanation for its conclusion.  Carter v. City of Philadelphia, 181 F.3d 339, 346-7 (3d Cir.

1999); see also Smith v. Half Hollow Hills Cent. Sch. Dist., 298 F.3d 168, 171 (2d Cir. 2002).

The district court may consider several factors when assessing whether there is a "just

reason for delay," including:

> (1) the relationship between the adjudicated and unadjudicated
> claims; (2) the possibility that the need for review might or might not
> be mooted by future developments in the district court; (3) the
> possibility that the reviewing court may be obliged to consider the
> same issue a second time; (4) the presence or absence of a claim or
> counterclaim which could result in set-off against the judgment
> sought to be made final; [and] miscellaneous factors such as delay,
> economic and solvency considerations, shortening the time of trial,
> frivolity of competing claims, expense, and the like.

Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 202 (3d Cir. 2006); (citing  Allis-Chambers

Corp. v. Phila. Elec. Co., 521 F.2d 360, 364 (3d Cir. 1975)).  "[O]nce such juridical concerns

have been met, the discretionary judgment of the district court should be given substantial

deference, for that court is 'the most likely to be familiar with the case and with any justifiable

reasons for delay.'" Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 10 (1980) (citing

Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437 (1956)).

### III. DISCUSSION

In applying the requirements of Rule 54(b), this Court finds that it is appropriate to enter final judgment on its summary judgment order in favor of Defendants Bancorp, Valley National, and Mellon.  First, this Court's summary judgment order resolved all claims brought by Plaintiffs against Defendants.  (See generally, Order Granting Summ. J., March 30, 2007; and Summ. J. Op., Apr. 11, 2007.)  Therefore, the only remaining causes of action are third-party claims by Bancorp and Valley National against Marcellino, ISI, and C&W ISI Joint Venture.  These claims are derivative suits for indemnification and contribution, in the event that Defendants/Third-Party Plaintiffs are found liable in the original action, and are therefore resolved by the grant of summary judgment in favor of Defendants.  (Am. Answer, Affirmative Defenses, and Third-Party Compl. 10-12); see also Waldorf v. Shuta, 142 F.3d 601, 611 (3d Cir. 1998) (citing Owens v. Aetna Life & Cas. Co., 654 F.2d 218, 220 n.2 (3d Cir. 1981) (suggesting that contribution and indemnity claims are separate claims from the underlying complaint for purposes of Rule 54(b) certification)).  Thus, the existence of the third-party claims poses no threat to the finality of the summary judgment order.

Second, this Court has considered the factors set forth in Berckeley, and finds that there is no just reason to delay an appeal.  This Court reaches such conclusion for a number of reasons.  First, the relationship between the adjudicated and non-adjudicated claims is ancillary.  The remaining third-party claims depend on the resolution of the original claims.  As noted above, Defendants/Third-Party Plaintiffs raise claims against Third-Party Defendants only in the event that Defendants/Third Party Plaintiffs are found liable to Plaintiffs.  Summary judgment was granted in favor of Defendants.  Defendants are not liable to Plaintiffs.  Therefore, there is no

reason for Defendants to pursue their third-party claims.  Second, the March 30, 2007 summary

judgment order resolved all claims among the original parties.  (Order Granting Summ J., March

30, 2007).  Therefore, further developments in this Court will have no substantial effects on

Cushman's claims against Defendants.  Third, it is unlikely that a reviewing court will be

required to address this matter a second time for the same reasons.  Fourth, because summary

judgment was granted in favor of Defendants, there will be no set-off of the judgment.  Finally,

miscellaneous considerations, including costs and unnecessary delay, support this Court's

decision that finality is appropriate with respect to the summary judgment order.  <u>See generally</u>,

<u>Berckeley</u>, 455 F.3d at 203.

## **IV. CONCLUSION**

For the reasons stated above, this Court grants the motion of Plaintiff Cushman &

Wakefield of Michigan, Inc., to enter final judgment, pursuant to FED. R. CIV. P. 54(b).

Dated: December 14, 2007

       S/Joseph A. Greenaway, Jr.

       JOSEPH A. GREENAWAY, JR., U.S.D.J.