# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CUSHMAN & WAKEFIELD, INC., CUSHMAN & WAKEFIELD OF MICHIGAN INC., : : : : : Plaintiffs, : : v. : : VALLEY NATIONAL BANCORP, : VALLEY NATIONAL BANK, and : MELLON TRUST OF NEW ENGLAND, : N.A. f/k/a BOSTON SAFE DEPOSIT : AND TRUST COMPANY, : : Defendants. : :_____: : VALLEY NATIONAL BANCORP and : VALLEY NATIONAL BANK, : : Third-Party Plaintiffs, : : v. : : WILLIAM F. MARCELLINO, INTERIOR : SYSTEMS, INC., C&W ISI JOINT : VENTURE, : : Third-Party Defendants. : :_____: | Civil Action No. 02-6099 (JAG) **OPINION** |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion of Defendants Valley National

Bancorp ("Bancorp") and Valley National Bank ("Valley National") (collectively "Defendants"),

1

for sanctions, pursuant to FED. R. CIV. P. 11[1], 28 U.S.C. § 1927, and the inherent powers of the court, against Plaintiffs Cushman & Wakefield of Michigan, Inc. ("Cushman") and Cushman & Wakefield, Inc. ("C&W") (collectively "Plaintiffs").  For the reasons set forth below, the motion is denied.

## I. STANDARD OF REVIEW

"[A] prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser," Travelers Cas. and Sur. Co. of Am. v. Pac. Gas and Elec. Co., 127 S.Ct. 1199, 1203 (2007) (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975)), unless a fee shifting statute authorizes such a judgment, Chambers v. NASCO, Inc., 501 U.S. 32, 53 (1991).  As such, the Third Circuit follows "a general practice of not awarding fees to a prevailing party absent explicit statutory authority." John T. ex rel. Paul T. v. Del. County Intermediate Unit, 318 F.3d 545, 555 (3d Cir. 2003).

In order to recover attorneys' fees, pursuant to 28 U.S.C. § 1927[2], a party must prove that the offending party or counsel has: "(1) multiplied proceedings; (2) unreasonably and

---

[1] Defendants' initial memorandum in support of their motion for sanctions includes an argument pursuant to FED. R. CIV. P. 11.  Defendant withdraw this argument in their reply brief in support of their motion for sanctions, (see Defs.' Reply Br. in Supp. of Mot. for Sanctions 2), and in a letter dated June 21, 2007, (see Letter from Michael Saffer, Attorney for Defendants Bancorp and Valley National, June 21, 2007).  Therefore, this Court will not rule on the motion for sanctions pursuant to FED. R. CIV. P. 11.

[2] Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.

vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct." LaSalle Nat'l Bank v. First Conn. Holding Group, LLC, 287 F.3d 279, 288 (3d Cir. 2002). "Courts should[, however,] exercise [their sanctioning power pursuant to § 1927] only in instances of a serious and studied disregard for the orderly process of justice." Ford v. Temple Hosp., 790 F.2d 342, 347 (3d Cir. 1986); see also Baker Indus., Inc. v. Cerberus, Ltd., 764 F.2d 204, 208 (3d Cir. 1985) (stating that courts must exercise extreme caution in awarding sanctions under § 1927 so as not to discourage attorneys from exercising their legitimate "ethical obligation to represent [their] client[s] zealously."). Similarly, and in the spirit of § 1927, the inherent power of the court to sanction alleged misconduct, because of its potency, should also be used sparingly. Chambers, 501 U.S. at 44.

## II. DISCUSSION

Defendants argue that sanctions are proper here because: 1) C&W "never possessed a colorable claim against the defendants," (Defs.' Br. in Supp. of Mot. for Sanctions 1); 2) "Bancorp was not a proper party to the action," (id. at 9); 3) "C&W was not a proper party to the action," (id.); 4) Cushman "never possessed a legally sustainable claim against defendants because [Cushman] could never, under the circumstances, qualify as a Valley [National] 'customer'," (id. at 12-13); and 5) "plaintiffs[] and their counsel[] . . . refus[ed] to withdraw the frivolous pleadings, and defendants were compelled . . . to expend attorneys' fees and costs in excess of $170,000," (id. at 1). However, Defendants' claims do not rise to the level sufficient for awarding sanctions pursuant to § 1927 or this Court's inherent powers.

The record before this Court fails to indicate any point in time when Plaintiffs displayed a blatant disregard for the orderly administration of justice. Although Defendants sent letters to

3

Plaintiffs suggesting that Plaintiffs' claims were frivolous, Defendants consented to Plaintiffs filing an amended complaint, (see Consent Order, Nov. 1, 2005), and answered the amended complaint, (see generally, Am. Answer).  Similarly, Plaintiffs responded in a timely manner to Defendants' letters.  Plaintiffs advised that they believed that credible evidence existed to support their claims regarding Defendants' alleged negligence.  (Letter from John Barnoski, Attorney for Plaintiffs, to Michael Saffer, Attorney for Defendants, March 14, 2003).  For example, Plaintiffs' letter alleged that Defendants permitted Third-Party Defendant William F. Marcellino to open an account improperly simply because he was a routine customer without a history of impropriety. (Id.)

Plaintiffs also cited New Jersey law supporting their theory that Defendants were liable for their losses.  (Id.)  In addition, Plaintiffs stated that they did not file suit to harass Defendants or to abuse the legal process, but only to recover damages sustained from alleged negligence. (Id.)  Finally, Plaintiffs wrote that if Defendants believed they were improper parties, this issue should have been raised in a Rule 12 motion.  (Id.)  Plaintiffs reasonably believed that existing law supported their claims.

Therefore, sanctions pursuant to § 1927 are inappropriate because Plaintiffs have not unreasonably and vexatiously multiplied proceedings, or increased the costs of litigation unnecessarily.  LaSalle Nat'l Bank, 287 F.3d at 288.  As noted above, there is no evidence in the record that leads this Court to believe that Plaintiffs pursued such claims for any reason other than to recover for losses, which they believed resulted from Defendants alleged negligence. Although Plaintiffs ultimately had judgment entered against them, judgment alone is not sufficient evidence to impose sanctions. Simmerman v. Corino, 27 F.3d 58, 62 (3d Cir. 1994).  In

addition, § 1927 requires evidence presented that Plaintiffs willfully engaged in bad conduct. Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa., 103 F.3d 294, 297-8 (3d Cir. 1996).

### III. CONCLUSION

For the reasons stated above, this Court denies Defendants' motion for sanctions, pursuant to 28 U.S.C. § 1927, and the inherent powers of the court.


Date: December 14, 2007

    S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.